IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:99CR201
    Civil Action No. 3:13CV686

EUGENE LAMONT FRIEND

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on August 26, 2002, the Court denied a motion under 28 U.S.C. § 2255 filed by Eugene Lamont Friend. On October 23, 2012, the Court received from Friend a "PETITION FOR POST CONVICTION RELIEF ON NEWLY DISCOVERED EVIDENCE." (ECF No. 683.) This document must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

Friend's "PETITION FOR POST CONVICTION RELIEF ON NEWLY DISCOVERED EVIDENCE" raises constitutional violations with respect to his guilty plea and falls squarely within the ambit of 28 U.S.C. § 2255(a). Thus, this submission is properly construed as an unauthorized, successive 28 U.S.C. § 2255 motion. See id. Because the Fourth Circuit has not authorized this Court to entertain Friend's successive § 2255 motion, the "PETITION FOR POST CONVICTION RELIEF ON NEWLY DISCOVERED EVIDENCE" (ECF No. 683) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Friend fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Friend and counsel for the United States.

Date: October 4, 2013
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge