IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:99CR201
    Civil Action No. 3:13CV656

VALLIA CAROLYN FRIEND

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 22, 2005, the Court denied a motion under 28 U.S.C. § 2255 filed by Vallia Carolyn Friend. (ECF Nos. 627-28.) On September 23, 2013, the Court received a successive, unauthorized 28 U.S.C. § 2255 motion from Friend ("§ 2255 Motion," ECF No. 695).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Because the United States Court of Appeals for the Fourth Circuit has not authorized this Court to entertain Friend's

successive § 2255 Motion, the § 2255 Motion (ECF No. 695) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Friend fails to satisfy this standard. Accordingly, a COA will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Friend and counsel for the United States.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2013

2