IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Criminal No. 3:99-cr-201 |
| ) | |
| VALLIA CAROLYN FRIEND,    ) | |
| ) | |
| Defendant.               ) | |

## MEMORANDUM ORDER
(Denying Defendant's Motion for Compassionate Release)

THIS MATTER is before the Court on Vallia Friend's ("Defendant") Motion for Compassionate Release ("Motion") pursuant to Section 603 of the First Step Act of 2018: 18 U.S.C. § 3582(c)(1)(A) (as amended), filed on October 29, 2020.[1] (ECF No. 848.) Defendant seeks release from FCI Waseca in light of the threat posed by the novel coronavirus ("COVID-19"). Defendant and the Government have filed memoranda supporting their respective positions, and the Motion is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J). For the reasons that follow, the Court will deny Defendant's Motion.

---

[1] Defendant initially filed a *pro se* Motion for Compassionate Release on September 22, 2020. (ECF No. 837.) The Court issued an Order appointing the Federal Public Defender to represent Defendant (ECF No. 838) and, subsequently, Defendant's counsel filed the Motion now before the Court.

Defendant conspired with her two sons to hijack trucks from independent truck drivers and use the trucks to steal a trailer of logs and transport marijuana from Texas. (PSR ¶¶ 12, 19, ECF No. 840.) Defendant helped entice and distract the truck drivers while her sons attacked them and stole their trucks. (*Id.* at ¶¶ 12, 23–24.) Defendant's sons beat one truck driver for approximately six hours while they executed their plan to steal a trailer of logs. (*Id.* ¶ at 13.) During the conspiracy, Defendant's sons severely maimed one truck driver, and killed another by shooting him seven times. (*Id.* at ¶¶ 32, 26.) After executing multiple search warrants, which revealed evidence linking her to both hijackings, law enforcement arrested Defendant on July 21, 1999. (Gov't's Resp. at 19, ECF No. 849.) She repeatedly gave false information during police interviews and did not cooperate with the investigation, instead opting to go to trial. (*Id.* at 18–19.)

Defendant was charged in a three-count Second Superseding Indictment on December 20, 1999 with Count One: Conspiracy to Interfere with Commerce by Violence, in violation of 18 U.S.C. § 1951(a), and Counts Two and Three: Carjacking, in violation of 18 U.S.C. § 2119. (PSR ¶ 3.) On July 19, 2000, a jury found Defendant guilty of all three Counts. (*Id.* ¶ 4.) On February 19, 2001, the Court sentenced Defendant to 240 months of imprisonment and 3 years of Supervised Release on Count One, 180 months of imprisonment and 3 years of Supervised Release on Count Two, and imprisonment for a term of life and 5 years of Supervised Release on Count Three, all to be served concurrently. (J., ECF No. 531.)

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited

circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations omitted) (quoting 18 U.S.C. § 3582(b)). This Court has no inherent authority to modify a defendant's term of imprisonment once it has become final; rather, Congress must grant this Court the power to do so. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). Accordingly, this Court "'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons ("BOP") moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *Id.* (quoting § 3582(c)).

As amended by the First Step Act, § 3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence on grounds of compassionate release under two circumstances. Such a request must come before the court either: (1) on the Director of the BOP's motion, or (2) on the defendant's motion, if "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). A defendant may file a compassionate release motion with the district court thirty days after filing a request with the BOP, and "before the BOP even has considered whether he qualifies for relief under the catch-all provision" found in the Sentencing Commission's Application Note 1(D). *United States v. McCoy*, 981 F.3d 271, 276–77, 283 (4th Cir. 2020). The catch-all provision allows "the BOP and only the BOP to identify 'other reasons'" that warrant a sentence reduction. *Id.* at 280. "If the BOP nevertheless retains

3

its determinative role under Application Note 1(D), then such defendants would be required either to forgo the 30-day lapse provision and wait for a BOP determination, or to forgo reliance on the catch-all provision in exchange for a timely decision by the district court." *Id.* at 283.

In this case, the BOP has not made a motion on Defendant's behalf. Instead, Defendant filed her own *pro se* Motion seeking judicial relief on September 22, 2020 (ECF No. 837) and again through counsel on October 29, 2020 (Mot.). Defendant submitted a request for compassionate release to the Warden of FCI Waseca on June 17, 2020 which was denied by the Warden on June 26, 2020. (Gov't's Resp., Ex. A.) This Court may consider Defendant's Motion as over 30 days have now lapsed from Defendant's submission for compassionate release with his facility and the BOP did not retain a determinative role under Application Note 1(D).

Where a defendant satisfies one of the preconditions enumerated by the statute, § 3582(c)(1)(A)(i) permits a court to modify a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction."[2] In so doing, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the need to promote respect for the law, deter criminal conduct, and protect the public. § 3582(c)(1)(A); *United States v. Kibble*, 992 F.3d 326, 330–31 (4th Cir. 2021) (finding that compassionate release was not

---

[2] The Court may also grant such a modification if it finds that the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under § 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community. § 3582(c)(1)(A)(ii). However, this provision is inapplicable here as Defendant does not seek relief under this provision.

warranted after considering both the extraordinary and compelling reasons and the § 3553(a) factors).[3]

In this case, Defendant alleges that her age, severe obesity, hyperlipidemia[4], and hypertension make her particularly susceptible to experiencing severe symptoms should she contract COVID-19. (Mot. at 12.) Although these conditions may increase Defendant's risk of serious illness or death as a result of COVID-19,[5] they do not rise to the level of presenting an extraordinary and compelling reason for release. Particularly because Defendant has already contracted COVID-19 and only experienced a few days of mild symptoms, including aches, cough, and shortness of breath, before being considered asymptomatic.[6] (Gov't's Resp. at 3); *see United States v. Risley*, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020) (collecting cases denying early release of defendants who

---

[3] Section 3582(c)(1)(A) also requires that "any reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, currently no policy statement exists that applies to compassionate release motions filed by defendants in the context of COVID-19. *Kibble*, 992 F.3d at 330. Thus, the Court need not address this statutory requirement at this time.

[4] Hyperlipidemia causes high cholesterol and is not listed as a condition that could lead to more severe illness from COVID-19. CNTRS. FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (last visited October 20, 2021).

[5] *Id.* (citing age, obesity, and hypertension as conditions that could lead to more severe illness from COVID-19).

[6] *See* William I. Baskett et al., *Reinfection With Severe Acute Respiratory Syndrome Coronavirus 2 (SARS-CoV-2) in Patients Undergoing Serial Laboratory Testing*, CLINICAL INFECTIOUS DISEASES, 2021; https://doi.org/10.1093/cid/ciab345 (last visited Sept. 10, 2021) (noting that reinfection with COVID-19 only occurred less than 1% of the time).

5

have recovered from COVID-19). Since then, Defendant has received both doses of her COVID-19 vaccination. (Status Report, ECF No. 864.)

The current conditions at FCI Waseca also do not support Defendant's early release. There have been a total of 324 positive inmate cases of COVID-19 at FCI Waseca and only two staff member and no inmates are currently infected. *See* FED. BUREAU OF PRISONS, *COVID-19 Coronavus*.[7] The BOP has vaccinated 620 inmates and 115 staff members within FCI Waseca[8], including Defendant (Status Report). Furthermore, the BOP is taking COVID-19 seriously by instituting the following precautionary measures: suspending visitations; limiting inmate movement and congregate gatherings to ensure social distancing; screening and COVID-19 testing for new inmates, staff, and contractors; quarantining inmates who test positive regardless of symptoms; and providing and encouraging all inmates to wear masks when social distancing cannot be maintained. *See* FED. BUREAU OF PRISONS, *BOP Modified Operations* (Nov. 25, 2020).[9] FCI Waseca's low number of active COVID-19 cases and high number of vaccinations demonstrates that the facility is now effectively controlling the spread of the virus and Defendant is not placed at an increased risk due to her incarceration.

---

[7] Available at www.bop.gov/coronavirus/ (last visited Oct. 20, 2021).

[8] *Id.*

[9] Available at https://www.bop.gov/coronavirus/covid19_status.jsp.

6

Defendant's early release also fails to satisfy the relevant § 3553(a) factors—such as the need to promote respect for the law, deter criminal conduct, and protect the public. Defendant participated in this conspiracy with her three sons. Although Defendant alleges she was not part of the violence that occurred during these hijackings, she knew what her sons were doing and how they were executing the conspiracy. Defendant was complicit in the violent actions that resulted in the maiming of John Cummings and death of Sam Lam. Her participation warrants a lengthy sentence. Defendant also demonstrated a lack of respect for the law when she lied to authorities during police interviews. (Gov't's Resp. at 18–19.) Although this was Defendant's first offense, the seriousness of the offense suggests a reduced sentence would not adequately promote respect for the law or deter future criminal conduct. The Court commends Defendant on her participation in rehabilitative activities while incarcerated, including participating in education courses, but that does not outweigh the other factors the Court must consider. Under these circumstances, and in consideration of the § 3553(a) factors, Defendant's early release is not warranted.

Ultimately, this Court maintains discretion under § 3582(c)(1)(A) to release Defendant. *See Kibble*, 996 F.3d at 332 (concluding that the district court did not abuse its discretion in denying defendant's motion for compassionate release). Therefore, having reviewed the record before the Court, Defendant's personal characteristics, and the § 3553(a) factors, this Court finds no sufficient justification for Defendant's early release. Accordingly, Defendant's Motion for Compassionate Release (ECF No. 848) is DENIED.

The Clerk is DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 22, 2021
Richmond, Virginia

8